UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCKY HARVEY,

    Petitioner,

-vs-                                      Case No. 8:22-cv-1217-WFJ-AAS

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

On May 26, 2022, Mr. Harvey initiated this action by filing a petition for the writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1). Pursuant to the Court's order (see Doc. 6), Mr. Harvey filed an amended petition on August 16, 2022 (Doc. 7). Respondent moves to dismiss the amended petition as untimely (Doc. 18), which Mr. Harvey opposes (Doc. 19). Upon consideration, the motion to dismiss will be granted.

## BACKGROUND

Mr. Harvey is detained in the Pinellas County Jail awaiting trial on charges of driving under the influence and leaving the scene of a crash with property damage. At the time of the offenses in February 2022, Mr. Harvey was on community supervision. According to the Department of Corrections website, http://www.dc.state.fl.us, and Respondent's response (Doc. 18 at 6), Mr. Harvey's supervision is scheduled to

1

terminate on August 19, 2023. Thus, if his community supervision is revoked, Mr. Harvey may return to prison (Doc. 18 at 7).

Mr. Harvey contends had the Department of Corrections credited him the 1277 days he was awarded by the state trial court on March 14, 2007, in case number 89-CF-4794 (see Doc. 18-7, Exhibit G), his community supervision would have expired in 2020. As relief, Mr. Harvey petitions the Court to direct Respondent to produce "an official document calculating [his] additional 1277 days the court awarded [him] on 3-14-07 [in] Case 89-CF-004794. . . ." (Doc. 7 at page 8).

## DISCUSSION

Respondent moves to dismiss the amended petition as untimely (Doc. 18 at 12-15). A one-year statute of limitations applies to the filing of habeas corpus petitions, including § 2241 habeas petitions. 28 U.S.C. § 2244(d)(1); *Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir.2004) (holding that a state prisoner's § 2241 habeas petition was subject to the one-year statute of limitations in § 2244(d)(1)); *Medberry v. Crosby*, 351 F.3d 1049, 1058–62 (11th Cir.2003) (holding there was a single habeas corpus remedy for state prisoners governed by both § 2241 and 28 U.S.C. § 2254, and the habeas corpus remedy authorized by § 2241 was subject to the restrictions of § 2254). The limitations period runs from the date on which (1) the judgment of conviction became final; (2) an unconstitutional impediment to filing was removed; (3) a new retroactively applicable right was initially recognized by the Supreme Court; or (4) facts supporting new claims could have been discovered through the exercise of due diligence,

whichever date is latest. § 2244(d)(1).

Mr. Harvey has made no showing that subsections (A), (B) and (C) of § 2244(d)(1) apply to his case. Therefore, the timeliness of Mr. Harvey's petition must be calculated under § 2244(d)(1)(D) based upon the date on which the facts supporting his claim that the 1277 days of credit were not applied to his sentence could have been discovered.

Respondent contends Mr. Harvey would have known the factual predicate of his claim in August 2007, because he would have received notice at that time from the Department of Corrections that in July 2007, it recalculated his 1989 sentence with the 1277 days of credit awarded by the state court in March 2007 (Doc. 18 at 13). Mr. Harvey does not dispute this contention in his response to the motion to dismiss (See Doc. 19). And at least by the time he filed his mandamus petition in the state circuit court in 2014 (Doc. 18-13, Exhibit M), Mr. Harvey knew of the factual predicate of the claim. Moreover, in both 2017 and 2018, Mr. Harvey filed mandamus petitions (Docs. 18-23, 18-25) in which he asserted the Department failed to apply 1277 days to his 1989 sentence pursuant to the state court's March 2007 order. Thus, Mr. Harvey knew the factual basis for his claim several years before he filed his initial federal habeas petition on May 26, 2022. Accordingly, unless the one-year limitations period was tolled for a sufficient period by properly filed state court applications for collateral review, his petition is untimely.

The one–year statute of limitations for seeking federal habeas relief is tolled

while an "application for State post-conviction or other collateral review" "is pending." 28 U.S.C. § 2244(d)(2). But even if the limitations period was tolled until September 23, 2018, 30 days after the state circuit court denied Mr. Harvey's final mandamus petition on August 24, 2018 (see Doc. 18-26),[1] the limitations period expired one year later on September 23, 2019. Therefore, Mr. Harvey's federal habeas petition, initially filed in May 2022, is untimely.[2]

Accordingly:

1. Respondent's motion to dismiss (Doc. 18) is **GRANTED**. Mr. Harvey's amended petition (Doc. 7) is **DISMISSED** as time-barred.

2. The Clerk shall enter judgment against Mr. Harvey and close this case.

3. A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id*. A certificate of appealability will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists

---

1 The mandamus petition remained pending for purposes of § 2244(d)(2) until the 30-day period to file an appeal expired on September 23, 2018. See Fla. R. Crim. P. 3.850(k) (stating an appeal may be taken within 30 days of the rendition of the final order disposing of a postconviction motion); *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-84 (11th Cir. 2006) (holding that a postconviction claim "remains pending until the time to seek review expires").

2 While equitable tolling of the limitations period is available in an appropriate case, *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir.2011), Mr. Harvey alleges no facts indicating equitable tolling is appropriate in this case.

would find this Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster*, 199 F.3d at 1257 n. 2 (dismissal of habeas petition as time-barred is procedural). Mr. Harvey cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida on April 17, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to: Counsel of Record
　　　　　　Rocky Harvey, p*ro se*